RECEIVED

8/4/2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SEI ROBOTICS CO., LTD., Plaintiff, v. FERDI YILDIRIM, Defendant.
Case No. 3:26-cv-07429-RFL

**MOTION OF MATTHEW RUSSELL LEE, A JOURNALIST FOR INNER CITY PRESS APPEARING IN HIS PERSONAL CAPACITY, TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING SEALING OF EXHIBIT A AND SEEKING PUBLIC, REDACTED VERSIONS OF EXHIBITS C AND D**

Matthew Russell Lee, a journalist for Inner City Press appearing in his personal capacity, respectfully moves to intervene for the limited purpose of opposing Plaintiff's Administrative Motion to File Under Seal (Dkt. No. 2) as to Exhibit A, and seeking redacted public versions of Exhibits C and D, and requests that this Motion be docketed.

Plaintiff's motion seeks to seal Exhibits A through E to the Complaint in their entirety, relying on Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), and Apple Inc. v. Samsung Electronics Co., 727 F.3d 1214, 1221 (9th Cir. 2013), for the proposition that protection of genuine trade secrets constitutes a compelling reason to seal. Movant does not, at this time, contest sealing of Exhibits B and E, which Plaintiff's supporting declaration describes as consisting wholly of Plaintiff's own unreleased, never-publicly-disclosed proprietary renderings and internal communications — a category the cited authority does protect.

**Exhibit A.** Exhibit A stands on entirely different footing. By Plaintiff's own description, Exhibit A consists of "screenshots from Defendant's unauthorized videos" that "visually reproduce" Plaintiff's product designs. Whatever confidentiality interest Plaintiff's designs held, it was Defendant's own act of posting those videos publicly — on YouTube, a platform accessible to any member of the public — that placed the depicted material into public view. Trade secret protection depends on the information's continuing secrecy; information that has already been publicly disclosed, including through a third party's unauthorized publication, does not regain that secrecy merely because a litigant later files a screenshot of it in a court record. Sealing Exhibit A would not protect any trade secret that Defendant's video has not already exposed to the public; it would only

1

remove the litigation record itself from public view, without corresponding benefit to the interest sealing is meant to serve. That the videos have reportedly since been taken down does not change this analysis: the relevant disclosure, for trade-secret purposes, is what was made public and to whom, not whether the original posting remains currently accessible.

The Court's own Standing Order for Civil Cases warns that 'a request that is significantly overbroad or fails to provide a specific reason for sealing' will lead the Court 'to consider denying the request in its entirety and placing all documents sought to be sealed on the public docket.' Standing Order for Civil Cases Before Judge Rita F. Lin, at 3 (rev. Nov. 5, 2025). Plaintiff's undifferentiated request to seal Exhibits A through E as a single unit, resting on one assertion of impracticability rather than exhibit-specific findings, is precisely the kind of overbroad request the Court has already warned against.

**Exhibits C and D.** Movant respectfully requests that redacted public versions of Exhibits C and D — Plaintiff's DMCA takedown notice and Defendant's DMCA counter-notification — be filed, with only such specific, particularized redactions as protect genuinely unreleased trade secret content. Movant has a direct and documented interest in this narrower request beyond the facts of this case: Movant has separately experienced and reported on a sustained campaign of fraudulent and abusive DMCA takedown notices filed against Movant's own journalism, exploiting the opacity that typically surrounds the DMCA notice-and-counter-notice process to suppress lawful reporting. The DMCA's notice-and-takedown mechanism is a matter of substantial ongoing public concern precisely because the underlying notices are so rarely subject to public scrutiny. A DMCA notice and counter-notice, filed as exhibits to a federal complaint and thereby already placed before this Court, are a rare opportunity for the public to see how this process actually operates in a live dispute; sealing them in their entirety, without any showing of what portion is genuinely protectable beyond the assertion that redaction is impracticable, forecloses that opportunity without the particularized justification Kamakana requires. Movant requests that the Court decline to accept blanket impracticability as a substitute for actually attempting redaction of these two specific, relatively short documents.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, recently (July 17, 2026) NDIN https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.

127119.72.0.pdf and (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

Movant respectfully requests that the Court: (1) docket this Motion; (2) deny sealing of Exhibit A, or in the alternative, require Plaintiff to submit it for in camera review to identify any portion, if any, not already disclosed by Defendant's public posting; and (3) direct Plaintiff to file redacted public versions of Exhibits C and D, redacting only such specific trade secret content as cannot otherwise be protected, rather than sealing both documents in their entirety.

Dated: July 22, 2026

Respectfully submitted,

/s/

Matthew Russell Lee
a journalist for Inner City Press
appearing in his personal capacity
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540

June 2, 2026, The Playground (UK), "Suno Fights Music Labels to Keep AI Training Track Count Secret," "This dispute has drawn intervention from Inner City Press (ICP), which is urging the court to deny Suno's request to keep legal documents containing the training tally confidential. Matthew Lee from ICP argues that the information is of significant public interest,

especially for music professionals who want to understand how their recordings are utilised," https://theplayground.co.uk/suno-fights-music-labels-to-keep-ai-training-track-count-secret/

April 6, 2026, New York Times, "Suspect in Hacking of Climate Activists Is Extradited to New York," by Karen Zraick, "His extradition to the United States from Britain was reported earlier by Inner City Press," https://www.nytimes.com/2026/04/06/climate/forlit-exxon-dci-hacking-extradition.html