Wenyao Yang (SBN 348833)
SHINEVIN & YANG PC
8140 Weirick Road
Corona, CA, 92883
(626) 766-9272
Email: attorney@shinevinyang.com

Qin Li (SBN 349218), NDCA Admission Pending
Concord & Sage PC
1360 Valley Vista Dr, Ste 140
Diamond Bar, CA, 91765
(858)568-1696
Email: liqin@concordsage.com
Attorneys for Plaintiff SEI ROBOTICS CO., LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SEI ROBOTICS CO., LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**FERDI YILDIRIM,**<br><br>Defendant. | Case No. 3:26-cv-07429<br><br>**PLAINTIFF'S RESPONSE TO MOTION FOR UNSEAL** |

Plaintiff SEI Robotics Co., Ltd. ("SEI Robotics" or "Plaintiff") respectfully submits this Response to the Motion of Matthew Russell Lee ("Movant") to intervene for the limited purpose of opposing the sealing of Exhibit A and seeking public, redacted versions of Exhibits C and D (Dkt. No. 9).

Plaintiff does not oppose Movant's limited intervention for purposes of addressing public access to the challenged court records. Nor does Plaintiff oppose making Exhibit A publicly available in its entirety, or making public versions of Exhibits C and D available subject to narrowly tailored redactions of specific confidential, nonpublic proprietary information that remains entitled to protection. Consistent with the Court's August 4, 2026 Order (Dkt. No. 10), Plaintiff has likewise

filed a public, redacted version of Exhibit E and no longer seeks to maintain that exhibit under seal in its entirety.

Accordingly, Plaintiff respectfully requests that the Court permit Exhibit A to be filed in the public record in its entirety, and permit public, redacted versions of Exhibits C and D to be filed while maintaining under seal only those limited portions that remain sealable under Civil Local Rule 79-5 and applicable law; maintain under seal only the redacted portions of Exhibit E; and maintain Exhibit B under seal consistent with Plaintiff's Administrative Motion to File Under Seal.

## I. BACKGROUND

Plaintiff commenced this action concerning Defendant's alleged unauthorized disclosure and use of Plaintiff's confidential and proprietary product information. In connection with its Complaint, Plaintiff filed an Administrative Motion to File Under Seal seeking protection for Exhibits A through E.

Movant subsequently filed the present Motion. Movant challenges the sealing of Exhibit A, which contains screenshots from videos allegedly posted publicly by Defendant, and requests that Exhibits C and D, consisting of Plaintiff's DMCA takedown notice and Defendant's counter-notification, be made publicly available subject to appropriate redactions. Movant does not presently challenge the sealing of Exhibits B and E.

On August 4, 2026, the Court ordered Plaintiff to file a response to Movant's Motion by August 18, 2026. The Court further observed that portions of Exhibit E may not need to be sealed and directed Plaintiff, by the same date, to file a redacted copy of Exhibit E or show cause why Exhibit E should remain sealed in its entirety. (Dkt. No. 10.) In accordance with the Court's Order, Plaintiff has filed a public, redacted version of Exhibit E and seeks to maintain under seal only the limited portions of Exhibit E containing confidential, nonpublic proprietary information.

In light of Movant's request, the Court's August 4, 2026 Order, and the presumption of public access applicable to judicial records, Plaintiff no longer seeks to maintain Exhibit A under seal. Instead, Plaintiff seeks only narrowly tailored redactions of specific confidential and nonpublic information in Exhibits C, D, and E that remains entitled to protection. Plaintiff continues to request that Exhibit B remain under seal.

## II. LEGAL STANDARD

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). That presumption may be overcome where compelling reasons support sealing, including where disclosure would reveal trade secrets or other confidential business information and result in competitive harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying Ninth Circuit law).

Civil Local Rule 79-5 requires requests to seal to be narrowly tailored to seal only sealable material. Consistent with that Rule and the Court's Standing Order, Plaintiff has narrowed its position and seeks protection only for specific portions of Exhibits C, D, and E that contain confidential, nonpublic information that remains entitled to protection, while continuing to seek sealing of Exhibit B in its entirety.

## III. PLAINTIFF DOES NOT OPPOSE PUBLIC ACCESS SUBJECT TO NARROWLY TAILORED REDACTIONS

### A. Exhibit A

Plaintiff agrees with Movant that Exhibit A consists of screenshots from videos that were previously placed into the public domain by Defendant. Accordingly, Plaintiff no longer seeks to seal Exhibit A and consents to its unsealing in its entirety.

### B. Exhibits C and D

Plaintiff likewise does not oppose filing public, redacted versions of Exhibits C and D.

To the extent the DMCA notice and counter-notification contain or reference confidential technical, product-development, or other proprietary information that remains nonpublic, Plaintiff respectfully requests that those limited portions remain redacted. The remaining portions of Exhibits C and D may be made publicly available.

This approach preserves public access to the substance of the parties' DMCA communications while protecting only discrete confidential information that remains entitled to protection.

**C. Exhibit B**

Movant does not presently challenge the sealing of Exhibit B. Plaintiff respectfully requests that Exhibit B remain under seal consistent with Plaintiff's Administrative Motion to File Under Seal. As set forth in Plaintiff's prior sealing papers, Exhibit B consists of Plaintiff's unreleased proprietary materials that have not been publicly disclosed.

**D. Exhibit E**

Although Movant does not presently challenge the sealing of Exhibit E, the Court directed Plaintiff to file a redacted copy of Exhibit E or show cause why Exhibit E should remain sealed in its entirety. (Dkt. No. 10).

In compliance with the Court's Order, Plaintiff has filed a public, redacted version of Exhibit E. Plaintiff no longer seeks to maintain Exhibit E under seal in its entirety and seeks continued sealing only of the limited portions redacted from the public version, which contain confidential, nonpublic proprietary information.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff does not oppose Movant's limited intervention or the public filing of Exhibit A in its entirety, and Exhibits C and D subject to narrowly tailored redactions. Plaintiff respectfully requests that the Court permit the unsealing of Exhibit A, and the filing of public, redacted versions of Exhibits C and D and maintain under seal only the corresponding redacted portions. Consistent with the Court's August 4, 2026 Order, Plaintiff has also filed a public, redacted version of Exhibit E and seeks continued sealing only of the limited portions redacted therefrom. Plaintiff respectfully requests that Exhibit B remain under seal consistent with Plaintiff's Administrative Motion to File Under Seal.

Dated: August 18, 2026

Respectfully submitted,

/s/ Wenyao Yang
Wenyao Yang Esq.
CA Bar No. 348833
SHINEVIN & YANG PC
8140 Weirick Road
Corona, CA, 92883
(626) 766-9272
Email: attorney@shinevinyang.com

/s/ Qin Li
CA Bar No.349218
Concord & Sage PC
1360 Valley Vista Dr, Ste 140
Diamond Bar, CA, 91765
(858)568-1696
Email: liqin@concordsage.com
*Attorneys for Plaintiff*