UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED

AUG 25 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEI ROBOTICS CO., LTD.,
Plaintiff,
v.

FERDI YILDIRIM,
Defendant.
Case No. 3:26-cv-07429-RFL

DEFENDANT'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS
(PURSUANT TO FRCP 12(b)(2) AND 12(b)(3))

PRO SE DEFENDANT FERDI YILDIRIM SUBMITS THIS MOTION TO DISMISS PRIOR TO FORMAL SERVICE OF PROCESS, APPEARING SPECIALLY AND SOLELY TO CHALLENGE THE JURISDICTION OF THIS COURT WITHOUT WAIVING ANY RIGHTS, DEFENSES, OBJECTIONS, OR SUBMITTING TO THE JURISDICTION OF THIS COURT.

1. INVOLUNTARY AND COERCED "CONSENT" UNDER YOUTUBE'S DMCA SYSTEM
a. The check-box consent required by YouTube's DMCA counter-notification form constitutes an unconscionable adhesion contract executed under severe duress and coercion.
b. YouTube presents foreign content creators with an improper forced choice: Either accept the immediate destruction of their digital channel and livelihood via unverified takedown strikes, OR click a mandatory form consenting to submission to a foreign jurisdiction thousands of miles away.
c. Defendant—an individual content creator residing exclusively in Türkiye—navigated this automated platform system solely to mitigate immediate commercial harm and protect his account. This transactional click-through requirement lacks true constitutional "intent" or "voluntary consent" to submit to U.S. Federal Court jurisdiction, particularly for non-copyright claims.
2. LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2))
a. Defendant resides exclusively in Bursa, Türkiye, and is a citizen of the Republic of Türkiye.
b. Defendant has no physical presence, no assets, no real estate, no employees, and no registered business operations within the State of California or anywhere in the United States.
c. YouTube operates as a legally recognized, registered, and tax-paying entity within Türkiye, subject to Turkish local laws and regulations. The mere distribution of global digital content through a third-party platform that operates locally in Türkiye does not establish purposeful availment or minimum contacts in California.
3. TÜRKIYE IS THE PROPER FORUM (FORUM NON CONVENIENS)
a. Plaintiff SEI Robotics is a foreign corporation organized under the laws of the People's Republic of China, with its principal place of business in Shenzhen, China. Defendant is located in Türkiye. Neither party is a domestic resident of the United States.
b. The United States District Court for the Northern District of California is an inconvenient and improper forum for resolving a dispute between two non-U.S. entities/individuals.
c. The proper, adequate, and convenient forum for any valid legal claim between these international parties is Türkiye, where the Defendant resides, where local privacy and personal data protection laws (KVKK) apply, and where any necessary discovery would take place.

CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, Defendant Ferdi Yıldırım respectfully requests that this Court:

1. DISMISS Plaintiff's Complaint in its entirety for Lack of Personal Jurisdiction under FRCP 12(b)(2);
2. DISMISS the action under the doctrine of Forum Non Conveniens; and
3. GRANT such further relief as the Court deems just and proper.

Dated: 08 / 11 / 2026

Respectfully submitted,

Ferdi YILDIRIM
Pro Se Defendant
Davutkadı Mah İncirli Cad. No:223
Bursa, TURKEY
Email: pcteknikelektronik@gmail.com
Phone: +90 537 355 05 42

CERTIFICATE OF SERVICE

I hereby certify that on 08 / 11 / 2026, a true and correct copy of the foregoing DEFENDANT'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS was served upon Plaintiff's counsel of record via international mail/courier and/or electronic mail:

Wenyao Yang (attorney@shinevinyang.com)
Qin Li (liqin@concordsage.com)
Attorneys for Plaintiff SEI ROBOTICS CO., LTD.

Ferdi YILDIRIM. .