UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEI ROBOTICS CO., LTD.,<br>Plaintiff,<br>v.<br>FERDI YILDIRIM,<br>Defendant. | Case No. 26-cv-07429-RFL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff SEI Robotics brings this action for copyright infringement under 17 U.S.C. § 501, for misappropriation of trade secrets under 18 U.S.C. § 1836, and for knowing and material misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). SEI alleges that it shared its "original visual works" with Defendant Ferdi Yildirim confidentially as part of a private, invitation-only product-testing group, and that Yildirim subsequently posted the materials on YouTube. (Dkt. No. 1 ("Compl.").) SEI allegedly submitted DMCA copyright takedown notices to YouTube, which removed the content. (*Id.* ¶¶ 5–6.) Yildirim, who is located in Türkiye, then allegedly submitted a DMCA counter notification to YouTube, requesting restoration of the videos. (*Id.* ¶ 6, 10.) An effective DMCA counter notification by a subscriber located outside of the United States requires a "statement that the subscriber consents to the jurisdiction of Federal District Court . . . for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." 17 U.S.C. § 512(g)(3)(D). Such a statement appears in Yildirim's counter notification, a copy of which is attached to the Complaint. (Dkt. No. 2-7 at 3.) Yildirim does not contest that he submitted this counter notification with this jurisdictional consent, or that YouTube can be

found in this district, as alleged in the Complaint. (Compl. ¶ 16; Dkt. No. 12 at 1).

Yildirim, who is representing himself, moves to dismiss for lack of personal jurisdiction and *forum non conveniens* under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). Yildirim claims that YouTube's requirement that he consent to jurisdiction in this district to submit a counter notification is unconscionable. But YouTube's requirement merely follows the process mandated by Congress under the DMCA. Therefore, Yildirim validly consented to personal jurisdiction in this district for the purpose of this copyright dispute. *See Stebbins v. Baz*, No. 24-cv-00398-LJC, 2026 WL 972747, at *6 (N.D. Cal. Feb. 19, 2026), *report and recommendation adopted,* No. 24-cv-00398-RFL, 2026 WL 943716 (N.D. Cal. Mar. 23, 2026). And because personal jurisdiction exists with respect to the copyright claims, the Court will exercise pendent jurisdiction over SEI's misappropriation of trade secrets claim, because it arises out of the same nucleus of operative facts. *See Action Embroidery Corp. v. Atl. Embroidery, Inc*., 368 F.3d 1174, 1181 (9th Cir. 2004) (stating that "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties is best served by adopting this doctrine").

Yildirim has also not carried his burden of demonstrating that Türkiye would provide an adequate alternative forum, including a "satisfactory remedy," for SEI's federal statutory claims. *Carijano v. Occidental Petroleum Corp*., 643 F.3d 1216, 1224–25 (9th Cir. 2011). Therefore, his motion to dismiss based on *forum non conveniens* is denied. Finally, as Yildirim does not dispute, he has waived any challenge to service of process by failing to raise the issue in his motion to dismiss. *See* Fed. R. Civ. P. 12(h)(1); *Sunnergren v. Ahern*, No. 10-cv-2690-LHK, 2010 WL 4366189, at *1 n. 1 (N.D. Cal. Oct. 27, 2010).

The Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2026

RITA F. LIN
United States District Judge